UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CORNELL MITCHELL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br>ADULT PAROLE DIVISION,<br><br>　　　　　Respondent. | No. CV 08-6385-AHS (PLA)<br><br>**ORDER RE: SUMMARY DISMISSAL OF<br>ACTION FOR LACK OF EXHAUSTION** |

　　　　On September 29, 2008, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. As far as the Court can discern, petitioner is challenging his February 20, 2007, conviction and sentence in the Los Angeles County Superior Court. (See Petition at 2). Petitioner alleges that he was falsely arrested for attempted driving under the influence of alcohol, and subsequently convicted and imprisoned. (See Petition at 5).

　　　　As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in a petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the

1  State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist
2  that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).
3  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state,
4  through counsel.  See 28 U.S.C. § 2254(b)(3).

5  Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court
6  even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct.
7  1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, fn.3 (9th Cir. 2000).  Petitioner
8  must give the state courts "one full opportunity to resolve any constitutional issues by invoking one
9  complete round of the State's established appellate review process" in order to exhaust his claims.
10 O'Sullivan, 526 U.S. at 845.

11 A claim has not been fairly presented unless the prisoner has described in the state court
12 proceedings both the operative facts and the federal legal theory on which his claim is based.  See
13 Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor,
14 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830
15 (9th Cir. 1996); Bland v. California Dept of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled
16 on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of
17 demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d
18 155, 158 (3d Cir. 1982).  Here, petitioner indicates that following the July 29, 2008, denial of his direct
19 appeal to the California Court of Appeal, he did not file a Petition for Review with the California
20 Supreme Court (see Petition at 3; see also Petition at 5, ¶ 7(a)(3)).  Further, although petitioner
21 indicates that he filed a habeas petition in the Los Angeles County Superior Court, which was denied
22 on June 3, 2008, there is no indication that petitioner filed a habeas petition in the California Supreme
23 Court with respect to the claim raised in the Petition.[1]  (See Petition at 3-4, ¶ 6; see also Petition at

---

25  [1] In the Petition, apparently as a rationale for not presenting his claim to the California
26 Supreme Court, petitioner asserts that "search [and] seizure issues are non-appealable issues."
   (Petition at 3-4).  Although it is true that a state prisoner may not invoke a Fourth Amendment
27 claim on federal habeas review if he had the opportunity for "full and fair" consideration of the
   claim in state court (see Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067
28 (1976)), to the extent that petitioner is claiming that exhaustion is not required in this case, the
   Court finds nothing in the Petition to suggest that the exhaustion requirement should be excused

5, ¶ 7(a)(4)).  In fact, petitioner affirmatively states that he did not raise the issue presented in the Petition in the California Supreme Court by way of a habeas petition.  (See Petition at 5, ¶ 7(a)(4)). As the Petition is thus unexhausted, it is subject to dismissal without prejudice.  See  28 U.S.C. § 2254(b)(1).

In light of the foregoing, the Court finds that dismissal of the instant Petition is appropriate on the basis that petitioner has not exhausted available state judicial remedies.  IT IS THEREFORE ORDERED that the instant Petition is **dismissed without prejudice**.

DATED: October 10, 2008.

ALICEMARIE H. STOTLER
HONORABLE ALICEMARIE H. STOTLER
CHIEF UNITED STATES DISTRICT JUDGE

Presented by

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

under 28 U.S.C. §§ 2254(b)(1)(B)(i) or (ii).  Petitioner has not demonstrated that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of [petitioner]." 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii).

3